IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| v. | § | Criminal Action No. H-11-802 |
| | § | |
| JONATHAN EARL WILLIAMS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM, RECOMMENDATION AND ORDER

Pending before the court are the following motions[1] filed pro se by Defendant Jonathan Earl Williams: Defendant's Motion to Dismiss Counsel (Doc. 17); Defendant's Motion for Inspection of Grand Jury Minutes (Doc. 18); and Defendant's Motion to Dismiss Based on Lack of Evidence (Doc. 19).  The court makes the following rulings.

### Motion to Dismiss Counsel

The court discussed with Defendant *in camera* his reasons for seeking new counsel.  Defendant explained that he was currently satisfied with his attorney's representation and wished to withdraw his motion for appointment of new counsel.  Defendant's motion for appointment of new counsel is **DEEMED WITHDRAWN.**

### Motion for Inspection of Grand Jury Minutes

In this motion, Defendant seeks the grand jury transcript of the testimony of the confidential informant.  However, as explained by the government attorney, the confidential informant did not

---

[1]     These motions were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A).  See Doc. 20, Ord. of Ref.

testify before the grand jury, thus production of the testimony is not possible. The government attorney agreed to produce all Jencks[2] statements, including the grand jury testimony of the case agent, to Defendant's counsel one week prior to the trial date. Defendant's attorney was not opposed to this offer. Accordingly, Defendant's motion is **DENIED**.

### Defendant's Motion to Dismiss Based on Lack of Evidence

This pleading actually contains two motions: First, to dismiss the indictment because the confidential informant failed to specifically identify Defendant on a tape recording; second, for specific Giglio[3] material.

Turning to the first motion, Defendant contends that the indictment must be dismissed because he was not identified on a tape recording by the confidential source. Counsel explained that a portion of the a tape-recorded conversation with the confidential informant was not recorded due to an equipment failure. Defendant did not allege that the equipment failure was the result of government misconduct and failed to cite the court to case law suggesting that the loss of one piece of evidence requires dismissal of the indictment. Defendant's counsel made no

---

[2] See Jencks v. United States, 353 U.S. 657, 672 (1957)(holding that defense is entitled to discover statements made by government witnesses to government agents).

[3] Giglio v. United States, 405 U.S. 150 (1972)(holding that government must disclose to the defense any promise of leniency made to a government witness).

additional argument in support of Defendant's motion for dismissal of the indictment.

In response, the government explained that it plans to offer the substance of the conversation through a participant to the conversation.  In such a case, Defendant may cross-examine that witness about the equipment failure and test the witness's credibility concerning his recollection of the conversation.

The court concludes that Defendant failed to allege facts sufficient to warrant dismissal of the indictment.  See U.S. v. Johnson, 68 F.3d 899, 902 (5th Cir. 1995)(holding that government misconduct "does not mandate dismissal of an indictment unless it is 'so outrageous' that it violates the principle of 'fundamental fairness' under the due process clause of the Fifth Amendment"). It is **RECOMMENDED** that Defendant's motion to dismiss the indictment be **DENIED**.

Defendant's motion also seeks Giglio material and lists several categories of information sought pursuant to that motion. The United States was not opposed to production of the requested material, if it exists in its files, and agreed to produce the documents one week before the trial date.  Defendant's counsel was not opposed to this offer.  Accordingly, Defendant's motion for Giglio material is **GRANTED;** the United States shall produce all Giglio material to the Defendant one week prior to trial.

The Clerk shall send copies of this Memorandum, Recommendation

and Order to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 8th day of November, 2012.

Nancy K. Johnson
United States Magistrate Judge